# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed:  March 3, 2023

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| CHRISTOPHER JAY HANKINS, | * | PUBLISHED |
| | * | |
| Petitioner, | * | No. 20-1342V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Motion to Approve Expert; Pre-Approval |
| AND HUMAN SERVICES, | * | of Expert Rate; Vaccine Act § 15(e)(1). |
| | * | |
| Respondent. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Kelly Danielle Burdette, Burdette Law, PLLC, North Bend, WA, for Petitioner.
Michael Joseph Lang, U.S. Department of Justice, Washington, DC, for Respondent.

## ORDER DENYING PETITIONER'S MOTION TO APPROVE EXPERT[1]

This matter is before the undersigned on Petitioner's motion to approve expert. Petitioner's Motion to Approve Expert ("Pet. Mot."), filed Feb. 2, 2023 (ECF No. 37). Petitioner seeks the Court's permission to allow Petitioner to retain an expert based upon a fee schedule. Id. Respondent filed a response opposing the motion. Respondent's Response to Pet. Mot. ("Resp. Response"), filed Feb. 9, 2023 (ECF No. 38). Having reviewed the record as a whole and as explained below, Petitioner's motion is **DENIED**.

## I.     BACKGROUND

---

[1] Because this Order contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

On October 7, 2020, Christopher Jay Hankins ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that as a result of receiving a pneumococcal 13-valent conjugate vaccine ("Prevnar 13") on September 27, 2019, Petitioner suffered a shoulder injury related to vaccine administration ("SIRVA").  Petition at Preamble (ECF No. 1); Amended ("Am.") Petition at Preamble (ECF No. 21).

On July 15, 2022, Respondent filed his Rule 4(c) Report arguing against compensation.  Resp. Report ("Rept.") (ECF No. 25).  Upon reassignment to the undersigned on August 15, 2022, an order was issued directing Petitioner to file an expert report in support of his petition and addressing the issues raised in Respondent's Rule 4(c) Report.  Order dated Aug. 16, 2022 (ECF No. 28).  Petitioner filed three motions for extension of time before filing the motion to approve an expert on February 2, 2023, subject to this Order.  See ECF Nos. 29, 31, 35.

Petitioner originally obtained Dr. Ma to prepare an expert report.  Pet. Mot. at 1.  On October 19, 2022, Dr. Ma wrote a letter stating his opinions, but they "fell short of the Althen criteria."  Id.  Petitioner's counsel wrote to Dr. Ma setting forth the Althen requirements and asked Dr. Ma to address those requirements in another letter.  Id.  In follow-up with Dr. Ma's office, Petitioner's counsel was not permitted to speak with Dr. Ma and his staff was unable to confirm either that Dr. Ma had received the letter or that there was any evidence in Petitioner's file that work was being done on the matter.  Id.  To date, Dr. Ma has not responded to Petitioner's counsel nor provided a report addressing the Althen requirements.  Id. at 1-2.

After three motions for extensions of time, Petitioner subsequently located another expert, Sara Jurek, M.D., who agreed to review Petitioner's case.  Pet. Mot. at 2.  Based on experience, Petitioner's counsel indicated the Court has, in past cases, "been reluctant to award reimbursement for certain expert fees."  Id.  Therefore, Petitioner requests that counsel "be granted permission" to retain Dr. Jurek in this matter "based upon the fee schedule submitted."  Id. at 1-2.  The requested hourly rate for Dr. Jurek is $1,000.00 per hour for medical record review.  Id. at 3.  No curriculum vitae ("CV") was submitted for Dr. Jurek.

On February 9, 2023, Respondent filed a response opposing Petitioner's motion.  Resp. Response at 1.  Respondent argued that Petitioner's motion for pre-approval of Dr. Jurek is "speculative and premature."  Id. at 3.  Specifically, Respondent noted Dr. Jurek's "extraordinarily high rate," and that Petitioner has offered no evidence to support such.  Id. at 2.  Petitioner did not file a reply by the court-imposed deadline.

## II.   DISCUSSION

The Vaccine Act provides for the payment of "reasonable" attorneys' fees and costs—including fees to be paid to experts—that are "incurred" in bringing a petition when the petition results in an award of compensation.  § 15(e)(1).  When compensation is not awarded,

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this Order to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

the special master may award reasonable fees and costs incurred "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).

"The determination of the amount of reasonable attorneys' fees and costs is within the special master's discretion." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1520 (Fed. Cir. 1993); O'Neill v. Sec'y of Health & Hum. Servs., No. 08-243V, 2015 WL 2399211, at *15 (Fed. Cl. Spec. Mstr. Apr. 28, 2015) ("The special master is afforded significant discretion when making determinations regarding the reasonableness of expert fees."). The special master initially applies the well-recognized lodestar method, which multiples the number of hours reasonably expended by the expert on the litigation, by a reasonably hourly rate. Avera, 515 F.3d at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). The special master's determination regarding the reasonableness of an expert's hourly rate includes considering the area of expertise; education and training; prevailing rates of other comparable experts; and "the nature, quality, and complexity of the information provided." Baker v. Sec'y of Health & Hum. Servs., No. 99-653V, 2005 WL 589431, at *3-5 (Fed. Cl. Spec. Mstr. Feb. 24, 2005).

Neither Respondent nor the undersigned question that the claim was brought in good faith or built on a reasonable basis. Resp. Response at 1 n.1. However, Petitioner is not requesting an award of costs at this time nor could he as Petitioner has not yet "incurred" costs related to Dr. Jurek. The statute explicitly requires costs be "incurred in any proceeding on such petition" to be determined reasonable and subsequently compensable. § 15(e)(1); see Fester v. Sec'y of Health & Hum. Servs., No. 10-243V, 2013 WL 5367670, at *7, *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013) (declining to "advance" funds for a proposed expert's retainer, where the Petitioner had not "incurred" an obligation to pay the expert, since no contract requiring payment was submitted); see also Black v. Sec'y of Health & Hum. Servs., 93 F.3d 781, 786 (Fed. Cir. 1996) (holding that incurred costs meant "expenses for which payment has been made or for which liability has attached"). Therefore, it is premature to determine whether the "costs" for experts' fees are reasonable. Instead, Petitioner is asking the Court for permission to hire an expert based on a fee schedule. Pet. Mot. at 2. The undersigned characterizes this as a "pre-approval" for an expert's rate.

A party seeking pre-approval for expert rates must provide sufficient evidence to warrant approval of the requested rate. Vogler v. Sec'y of Health & Hum. Servs., No. 11-424V, 2013 WL 1635860, at *2 (Fed. Cl. Spec. Mstr. Mar. 24, 2013); O'Neill, 2015 WL 2399211, at *2, *15. This includes the expert's education, training, and experience, including experience in the Vaccine Program, and the expert's area of expertise, including rates traditionally charged by comparable experts in the Program. Vogler, 2013 WL 1635860, at *2; Allen v. Sec'y Health & Hum. Servs., No. 11-051V, 2013 WL 5229796, at *2 (Fed. Cl. Spec. Mstr. Aug. 23, 2013).

In Vogler, the Petitioner sought pre-approval of an hourly rate of $500.00 for his immunology expert. Vogler, 2013 WL 1635860, at *2. Petitioner offered the expert's CV, demonstrating his expertise in the relevant area, for support. Id. The special master denied

Petitioner's motion, finding his CV alone was insufficient to warrant approval of the requested rate.  Id.  Particularly, the special master reasoned the expert's CV did "not indicate that he has testified or had previous expert experience in the Vaccine Program" and there was "no indication as to what his hourly rate ha[d] been on [other] occasions."  Id.  Moreover, the special master rejected Petitioner's argument that the expert was "the only expert who agreed to participate in the case on Petitioner's behalf" as support for a higher rate than what was reflected on the expert's website.  Id. at *3.

In contrast, the special master in Allen found $500.00 per hour appropriate for Petitioner's neurology expert and pre-approved the amount.  Allen, 2013 WL 5229796, at *2. There, the Petitioner presented evidence beyond the expert's CV showing the expert had expertise in the area relevant to Petitioner's claim, and that the rate was consistent with that awarded to other experts with comparable expertise, as well as the expert's own rates which were previously approved in the Program.  Id.

Here, Petitioner has not provided evidence to warrant pre-approval of Dr. Jurek's hourly rate.  Petitioner did not offer Dr. Jurek's CV.  Even if Petitioner had offered Dr. Jurek's CV along with the fee schedule, it would still be insufficient to warrant pre-approval of any hourly rate.  See Vogler, 2013 WL 1635860, at *2.  Moreover, there is no evidence establishing that Dr. Jurek has prior experience in the Vaccine Program or other comparable experience.  Resp. Response at 3.  Another reason the special master in Vogler found pre-approval of the expert's rate unwarranted was because there was no indication the expert had experience in the Program and Petitioner had not offered evidence that the proposed rate was consistent with rates awarded to other comparable experts.  Vogler, 2013 WL 1635860, at *2-3, *2 n.4 ("[S]pecial masters look to and frequently adopt the rate a particular expert has been awarded previously in the [P]rogram absent some particular evidence that merits the award of a different rate in a specific case.").

Further, as raised by Respondent, the undersigned notes the "unusually high rate" proposed.  Resp. Response at 2.  While no CV was submitted, it appears Dr. Jurek is an orthopedic surgeon.  See id. at 1.  Although it is premature to determine whether Dr. Jurek's rate is reasonable, case law provides guidance on this issue.  See, e.g., Martinez v. Sec'y of Health & Hum. Servs., No. 18-1352V, 2022 WL 4693287, at *3 (Fed. Cl. Spec. Mstr. Sept. 8, 2022) (finding $550.00 per hour a reasonable rate for an orthopedic surgeon); Koropatny v. Sec'y of Health & Hum. Servs., No. 17-1240V, 2022 WL 4517878, at *3 (Fed. Cl. Spec. Mstr. Aug. 31, 2022) (awarding $500.00 per hour for an orthopedic surgeon); Quantie v. Sec'y of Health & Hum. Servs., No. 18-610V, 2022 WL 1412459, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2022) (same); Ellingsen v. Sec'y of Health & Hum. Servs., No. 18-421V, 2021 WL 1093939, at *2 (Fed. Cl. Spec. Mstr. Feb. 11, 2021) (same).  Petitioner has not provided sufficient evidence to justify approving a higher rate for Dr. Jurek than has been awarded to other orthopedic surgeons in the Vaccine Program.  See Vogler, 2013 WL 1635860, at *3.

## III.   CONCLUSION

For the reasons discussed above, the undersigned cannot "pre-approve" Dr. Jurek's rate and Petitioner's motion must be **DENIED**.  A separate scheduling order will issue.

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master