# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 18, 2026

```
* * * * * * * * * * * * * *
CHRISTOPHER JAY HANKINS,        *       UNPUBLISHED
                                *
            Petitioner,         *       No. 20-1342V
                                *
v.                              *       Special Master Dorsey
                                *
SECRETARY OF HEALTH             *       Attorneys' Fees and Costs.
AND HUMAN SERVICES,             *
                                *
            Respondent.         *
                                *
* * * * * * * * * * * * * *
```

Kelly Danielle Burdette, Burdette Law, North Bend, WA, for Petitioner.
Lauren Kells, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 7, 2020, Christopher Jay Hankins ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that as a result of receiving a pneumococcal 13-valent conjugate vaccine ("Prevnar 13") on September 27, 2019, Petitioner suffered a shoulder injury related to vaccine administration ("SIRVA"). Petition at Preamble (ECF No. 1); Amended ("Am.") Petition at Preamble (ECF No. 21). On May 21, 2025, the undersigned issued an order concluding proceedings pursuant to Vaccine Rule 21(a). Order Concluding Proceedings dated May 21, 2025 (ECF No. 85).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On November 12, 2025, Petitioner filed an application for attorneys' fees and costs. Petitioner's Application for Attorneys' Fees and Costs ("Pet. App."), filed Nov. 12, 2025 (ECF No. 87).  Petitioner requests compensation in the amount of $34,113.68, representing $29,222.80 in attorneys' fees and $4,890.88 in costs.  Id. at 7.  Petitioner did not personally incur costs.  Id. Respondent filed his response on Nov. 25, 2025, stating he "defers to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. App., filed Nov. 25, 2025, at 2 (ECF No. 88).  Petitioner did not file a reply.  The matter is now ripe for disposition.

For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards a total of **$28,269.12**.

## I.    DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id.  In this case, although Petitioner was not awarded compensation, the undersigned finds counsel is entitled to a final award of reasonable attorneys' fees and costs.  Further, Respondent did not indicate any specific objections related to good faith and reasonable basis.

### A.    Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

2

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds & aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

### i.     Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of his counsel: for Ms. Kelly Burdette, $275.00 per hour for work performed in 2020-2021 and $300.00 per hour for work performed in 2022-2025; and for Mr. Lee Burdette, $400.00 per hour for work performed in 2020-2021 and $425.00 per hour for work performed in 2022-2024. Petitioner also requests a paralegal rate of $132.00 per hour.

The undersigned finds the rates are consistent with what counsel have previously been awarded for their Vaccine Program work and reasonable herein.

### ii.     Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Petitioner bears the burden of documenting the fees and costs claimed. Rodriguez, 2009 WL 2568468 at *8.

The undersigned has reviewed the submitted billing entries and finds the total request reasonable. However, the undersigned finds reductions necessary due to the number of billing entries for non-compensable tasks and duplicative billing entries.

Non-compensable administrative tasks include filing documents, downloading documents, paying invoices, "[r]unning docket reports," printing documents, and organizing and sending documents to experts. In total there are 32 entries for filing documents, most of which were done by Ms. Burnette at an attorney rate. There are also six entries for downloading documents and two for paying invoices. Other non-compensable billing entries include "[r]unning docket reports" ($13.20), printing documents ($198.00), "[o]rganiz[ing] case

3

documents" for expert and "send[ing] via Dropbox" ($270.00), and organizing expert report for filing ($180.00 on 7/6/2023; $150.00 on 4/5/2024).

It is well known in the Vaccine Program that billing for some administrative tasks, even at a paralegal rate, is not permitted.  See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023) ("Clerical and secretarial tasks should not be billed at all, regardless of who performs them.").  The preparation of records and exhibits for filing has repeatedly been deemed administrative and thus noncompensable.  See, e.g., Wallace v. Sec'y of Health & Hum. Servs., No. 17-1074V, 2018 WL 6977489, at *2 (Fed. Cl. Spec. Mstr. Nov. 19, 2018) (noting the preparation of medical records an administrative and noncompensable task); Phelan ex rel. A.P. v. Sec'y of Health & Hum. Servs., No. 18-1366V, 2025 WL 1453777, at *3 (Fed. Cl. Spec. Mstr. Apr. 30, 2025) (same).  Filing exhibits are also considered administrative tasks.  See, e.g., Wakileh v. Sec'y of Health & Hum. Servs., No. 21-1136V, 2023 WL 9228198, at *3 (Fed. Cl. Spec. Mstr. Dec. 18, 2023).

There are also instances of duplicative billing, requiring reductions.  See, e.g., Raymo v. Sec'y of Health & Hum. Servs., 129 Fed. Cl. 691, 703 (2016) (noting "[u]nreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries").  For example, on October 9, 2020, both Ms. Burnette and Mr. Burnette billed for "calendar" deadlines at their attorney rates.  Pet. App., Ex. 1 at 3.  On March 17, 2021, Ms. Burdette billed twice for reviewing the Respondent's notice of appearance.  Id. at 4.

Lastly, the undersigned is concerned with the quality of work from counsel in this matter given their overall experience.  Counsel did not comply with deadlines throughout litigation, which resulted in four Orders to Show Cause and generally extended the duration of the litigation.  See ECF Nos. 16, 18, 45, 83.  Additionally, it is evident from the billing records that counsel was not working on this matter for months at a time, despite having pending deadlines. For example, on April 16, 2022, the undersigned issued an order directing Petitioner to file an expert report by October 17, 2022.  ECF No. 28.  On August 16, 2022, Ms. Burdette billed for reviewing this order and documented the deadline.  Pet. App., Ex. 1 at 6.  However, no work was billed again until October 17, 2022, when counsel prepared a motion for extension of time to file an expert report.  Id.  This motion was granted by the undersigned on October 18, and Petitioner was given until November 17.  ECF No. 30.  And again, Petitioner did not work on this matter until November 17, when another motion for extension of time was filed.  Pet. App., Ex. 1 at 6. In fact, counsel did not bill for anything related to an expert until December 10, 2022 ("Search for expert witness"), almost four months after first being directed to file an expert report.  Id.

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees.  Broekelschen, 102 Fed. Cl. at 729.  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Saxton, 3 F.3d at 1522.  In exercising that discretion, special

masters may reduce the number of hours submitted by a percentage of the amount charged so long as a "concise but clear" justification for the reduction is provided.  Abbott v. Sec'y of Health & Hum. Servs., 135 Fed. Cl. 107,111 (2017).  Special masters need not explain how many hours are appropriate.  Raymo, 129 Fed. Cl. at 702.  "It would be unreasonable, however, to expect the Special Master to explain how each individual entry affected [her] final calculation, as in conducting fee determinations tribunals 'need not, and indeed should not, become green-eyeshade accountants.'"  Abbott, 135 Fed. Cl. at 112 (quoting Fox, 563 U.S. at 838).

The undersigned finds a 20% reduction necessary, reasonable, and appropriate given the above-mentioned issues.  This results in a reduction of **$5,844.56**.[3]

### B.    Attorneys' Costs

Petitioner requests a total of $4,890.88 in attorneys' costs.  This amount is comprised of the filing fee, acquiring medical records, and expert costs.  The undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation.  Accordingly, the full amount of costs shall be awarded.

## II.    CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $29,222.80 |
| (Total Reduction from Billing Hours) | -$5,844.56 |
| **Total Attorneys' Fees Awarded** | **$23,378.24** |
| | |
| Attorneys' Costs Requested | $4,890.88 |
| (Reduction of Costs) | -$0.00 |
| **Total Attorneys' Costs Awarded** | **$4,890.88** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$28,269.12** |

**Petitioner is awarded attorneys' fees and costs in the total amount of $28,269.12 to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

---

[3] $29,222.80 x 0.2 = $5,844.56.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master